**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **CARBOLINE COMPANY,** | § | |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. _____________** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **A-1 INDUSTRIAL MAINTENANCE, INC.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff Carboline Company (hereinafter "Carboline" or "Plaintiff") and files this, its Original Complaint, and in support thereof shows as follows:

## I.
## PARTIES

1. Plaintiff Carboline Company is a Delaware corporation with its principal place of business in St. Louis, Missouri. Carboline is in the business of manufacturing and selling coatings in Missouri and internationally.

2. Defendant A-1 Industrial Maintenance, Inc. ("A-1") is an Ohio corporation with its principal place of business in Campbell, Ohio. A-1 is in the business of industrial painting and maintenance and, among other things, applying industrial coatings to bridges. A-1 may be served with process at the office of its registered agent, Nomiki P. Tsarnas, at 433 Tenney Avenue, Campbell, Ohio 44405.

## II.
## JURISDICTION AND VENUE

3. For purposes of diversity jurisdiction, Carboline is a citizen of the state of Delaware, its state of incorporation, and state of Missouri, as its principal place of business is in St. Louis, Missouri. A-1 is a citizen of Ohio, as it is both incorporated in Ohio and has its principal place of business in Ohio.

4. Under 28 U.S.C. §1332(a), this Court has jurisdiction over the subject matter of this lawsuit because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Under 28 U.S.C. §§1391(b), venue is proper in the United States District Court for the Eastern District of Missouri, Eastern Division, because the agreement was made and entered into at Carboline's place of business in St. Louis, Missouri. Further, the governing Terms and Conditions provide, "No contract shall be deemed to exist by reason of Buyer's order until acceptance thereof has been confirmed by Seller's home in St. Louis, Missouri. This sale shall be construed under the laws of the State of Missouri, USA." *Terms and Conditions* (Exhibit "A") at ¶ 14.

## III.
## FACTS

6. As noted, A-1 is in the business of, among other things, applying industrial coatings, including to steel bridges. As relevant to this dispute, A-1 had a contract (ECMS-62494) with the Pennsylvania Department of Transportation to blast and coat the Passyunk Bridge in Philadelphia, Pennsylvania (the "Project").

7. Carboline manufactures industrial coatings for a variety of industrial applications, including bridges. As relevant to this dispute, Carboline sold its coating products to A-1 for use on the Project.

8. Carboline sold its products to A-1 subject to certain Terms and Conditions, including but not limited to the following:

> Para. 3. All prices of materials are F.O.B. Seller's factory or warehouse unless otherwise specified.
>
> Para. 8. Seller shall not be liable for . . . any delays in performance or nonperformance caused by circumstances beyond Seller's control including, but limited to acts of God, fire, flood, war, governmental priorities, governmental rules, governmental action, accident, labor trouble or shortage, inability to obtain material, equipment or transportation.
>
> Para. 14. No contract shall be deemed to exist by reason of Buyer's order until acceptance thereof has been confirmed by Seller's home in St. Louis, Missouri. This sale shall be construed under the laws of the State of Missouri, U.S.A.
>
> Para. 18. No terms and conditions other than the terms and conditions set forth in this Bill of Sale, including terms and conditions in any document attached to or incorporated by reference in this order, shall be binding upon Seller and its agents unless accepted by it in writing. Buyer will be deemed to have assented to all terms and conditions covered by this Bill of Sale contained herein if any part of the articles covered by this Bill of Sale are shipped or services are performed.

*Terms and Conditions* (Exhibit "A").

9. A-1 ordered industrial coatings from Carboline for the Project. Carboline supplied the products to A-1 and submitted invoices, which are attached hereto as Exhibit "B" and described in the following paragraphs 10 through 37. A-1 did not return the coating products or report any product defects. A-1 used the coating products successfully on the Project. A-1 has failed, however, to pay the duly owed Carboline invoices for the products sold by Carboline. *See Unpaid Invoices* (Exhibit "B").

10. On or about August 12, 2016, Carboline sent 200 gallons of Carbothane 133 LH Grey to A-1 and submitted Invoice No. 21380146 in the amount of $6,784.00 to A-1 for payment. A-1's payment on this invoice was due on or before September 11, 2016.

11. On or about August 12, 2016, Carboline sent 110 gallons of Thinner 76 to A-1 and submitted Invoice No. 21380147 in the amount of $1,632.40 to A-1 for payment. A-1's payment on this invoice was due on or before September 11, 2016.

12. On or about August 15, 2016, Carboline sent 424 gallons of Carbozinc 859 Green 0300 and 500 gallons of Carboguard 893 White 0800 to A-1 and submitted Invoice No. 21380492 in the amount of $24,820.96 to A-1 for payment. A-1's payment on this invoice was due on or before September 14, 2016.

13. On or about September 7, 2016, Carboline sent 512 gallons of Carbozinc 859 Green 0300 and 200 gallons of Carboguard 893 White 0800 to A-1 and submitted Invoice No. 21387381 in the amount of $22,268.48 to A-1 for payment. A-1's payment on this invoice was due on or before October 7, 2016.

14. On or about September 23, 2016, Carboline sent 400 gallons of Carboguard 893 White 0800 and 400 gallons of Carbothane 133 LH Grey to A-1 and submitted Invoice No. 21392696 in the amount of $21,200.00 to A-1 for payment. A-1's payment on this invoice was due on or before October 23, 2016.

15. On or about September 26, 2016, Carboline sent 110 gallons of Thinner 76 to A-1 and submitted Invoice No. 21393143 in the amount of $1,632.40 to A-1 for payment. A-1's payment on this invoice was due on or before October 26, 2016.

16. On or about September 27, 2016, Carboline sent 50 gallons of Thinner 76 to A-1 and submitted Invoice No. 21393605 in the amount of $749.00 to A-1 for payment. A-1's payment on this invoice was due on or before October 27, 2016.

17. On or about October 10, 2016, Carboline sent 512 gallons of Carbozinc 859 Green 0300 to A-1 and submitted Invoice No. 21397486 in the amount of $18,452.48 to A-1 for payment. A-1's payment on this invoice was due on or before November 9, 2016.

18. On or about October 21, 2016, Carboline sent 100 gallons of Thinner 76 to A-1 and submitted Invoice No. 21401438 in the amount of $1,498.00 to A-1 for payment. A-1's payment on this invoice was due on or before November 20, 2016.

19. On or about October 25, 2016 Carboline sent 300 gallons of Carboguard 893 White 0800 and 200 gallons of Carbothane 133 LH Grey to A-1 and submitted Invoice No. 21402323 in the amount of $12,508.00 to A-1 for payment. A-1's payment on this invoice was due on or before November 24, 2016.

20. On or about October 25, 2016 Carboline sent 110 gallons of Thinner 76 to A-1 and submitted Invoice No. 21402324 in the amount of $1,632.40 to A-1 for payment. A-1's payment on this invoice was due on or before November 24, 2016.

21. On or about November 14, 2016, Carboline sent 260 gallons of Carbozinc 859 Green 0300 to A-1 and submitted Invoice No. 21408123 in the amount of $9,370.40 to A-1 for payment. A-1's payment on this invoice was due on or before December 14, 2016.

22. On or about November 15, 2016, Carboline sent 100 gallons of Carboguard 893 White 0800 to A-1 and submitted Invoice No. 21408587 in the amount of $1,908.00 to A-1 for payment. A-1's payment on this invoice was due on or before December 15, 2016.

23. On or about December 9, 2016, Carboline sent 30 gallons of Carboguard 893 White 0800 and 40 gallons of Carboguard 893 Grey 0700 to A-1 and submitted Invoice No. 21415026 in the amount of $1,348.20 to A-1 for payment. A-1's payment on this invoice was due on or before January 8, 2017.

24. On or about December 9, 2016, Carboline sent 25 gallons of Thinner 76 to A-1 and submitted Invoice No. 21415027 in the amount of $374.50 to A-1 for payment. A-1's payment on this invoice was due on or before January 8, 2017.

25. On or about December 12, 2016, Carboline sent 30 gallons of Carboguard 893 Grey 0700 and 25 gallons of Thinner 76 to A-1 and submitted Invoice No. 21415421 in the amount of $952.30 to A-1 for payment. A-1's payment on this invoice was due on or before January 11, 2017.

26. On or about December 13, 2016, Carboline sent 200 gallons of Carbothane 133 LH Grey to A-1 and submitted Invoice No. 21415805 in the amount of $6,784.00 to A-1 for payment. A-1's payment on this invoice was due on or before January 12, 2017.

27. On or about December 15, 2016, Carboline sent 165 gallons of Thinner 76 to A-1 and submitted Invoice No. 21416568 in the amount of $2,448.60 to A-1 for payment. A-1's payment on this invoice was due on or before January 14, 2017.

28. On or about December 15, 2016, Carboline sent 50 gallons of Thinner 76 to A-1 and submitted Invoice No. 21416569 in the amount of $749.00 to A-1 for payment. A-1's payment on this invoice was due on or before January 14, 2017.

29. On or about January 16, 2017, Carboline sent 300 gallons of Carboguard 893 White 0800 to A-1 and submitted Invoice No. 21422907 in the amount of $5,724.00 to A-1 for payment. A-1's payment on this invoice was due on or before February 15, 2017.

30. On or about January 16, 2017, Carboline sent 320 gallons of Carbozinc 859 Green 0300 to A-1 and submitted Invoice No. 21422908 in the amount of $11,532.80 to A-1 for payment. A-1's payment on this invoice was due on or before February 15, 2017.

31. On or about March 3, 2017, Carboline sent 480 gallons of Carbozinc 859 Green 0300 to A-1 and submitted Invoice No. 21436160 in the amount of $17,299.20 to A-1 for payment. A-1's payment on this invoice was due on or before April 2, 2017.

32. On or about April 4, 2017, Carboline sent 512 gallons of Carbozinc 859 Green 0300 and 110 gallons of Thinner 76 to A-1 and submitted Invoice No. 21444854 in the amount of $20,084.88 to A-1 for payment. A-1's payment on this invoice was due on or before May 4, 2017.

33. On or about May 3, 2017, Carboline sent 50 gallons of Thinner 215, 300 gallons of Carbothane 133 LH Grey and 500 gallons of Carboguard 893 White 0800 to A-1 and submitted Invoice No. 21453706 in the amount of $21,876.81 to A-1 for payment. A-1's payment on this invoice was due on or before June 2, 2017.

34. On or about May 4, 2017, Carboline sent 110 gallons of Thinner 76 to A-1 and submitted Invoice No. 21454134 in the amount of $1,632.40 to A-1 for payment. A-1's payment on this invoice was due on or before June 3, 2017.

35. On or about May 22, 2017, Carboline sent 600 gallons of Carboguard 893 White 0800, 400 gallons of Carbothane 133 LH Grey and 110 gallons of Thinner 76 to A-1 and submitted Invoice No. 21459304 in the amount of $26,648.40 to A-1 for payment. A-1's payment on this invoice was due on or before June 21, 2017.

36. On or about July 31, 2017, Carboline sent 300 gallons of Carboguard 893 White 0800, 55 gallons of Thinner 76 and 20 gallons of Thinner 215 to A-1 and submitted Invoice No.

21479602 in the amount of $7,404.52 to A-1 for payment. A-1's payment on this invoice was due on or before August 30, 2017.

37. On or about August 23, 2017, Carboline sent 260 gallons of Carbothane 133 LH Grey to A-1 and submitted Invoice No. 21486746 in the amount of $8,819.20 to A-1 for payment. A-1's payment on this invoice was due on or before September 22, 2017.

38. A-1 has failed to pay any of the above-described invoices. The unpaid invoices total $258,135.33. Carboline has applied $14,065.72 in credits and offsets to the account. After these credits and offsets were applied, an outstanding principal balance of $244,069.61 remains overdue and unpaid.

39. Prejudgment interest has accrued and continues to accrue from the due date of these invoices.

40. On February 13, 2019, Carboline made a formal demand for payment, advising that A-1's failure to pay overdue amounts would result in Carboline pursuing all legal remedies available, including the commencement of a civil action against A-1. Unfortunately, A-1 has failed to make the demanded payment. *See Demand for Payment* (Exhibit "C").

## IV.
## CAUSES OF ACTION

**Breach of Contract**

41. Carboline incorporates Paragraphs 1-40 as if set forth fully herein.

42. Carboline and A-1 had a valid, enforceable agreement by which A-1 agreed to pay Carboline's invoices. The aggregate sum of Carboline's unpaid invoices, less credits and offsets, is $244,069.61. In addition, prejudgment interest has accrued on the unpaid invoices.

43. Carboline fully performed its contractual obligations by furnishing its products, as referenced above, to A-1.

44. A-1 breached the agreement by failing and refusing to pay the invoices for Carboline products, as described above.

45. A-1's breach of the contract resulted in economic damages to Carboline as set forth herein.

**Suit on Account**

46. Carboline incorporates Paragraphs 1-40 as if set forth fully herein.

47. As set forth above, Carboline provided industrial coating products to A-1 on an account. In a series of transactions, A-1 made offers by requesting Carboline provide industrial coating products, Carboline accepted A-1's offers by furnishing the products, and A-1 accepted the products and became bound to pay Carboline the designated charges on its invoices. Carboline's charges were customary and reasonable; and Carboline applied all just credits and offsets to A-1's account.

48. After all just credits and offsets are applied, the principal balance due Carboline on A-1's account is $244,069.61, plus prejudgment interest owed on Carboline's unpaid invoices to A-1. This account and claim thereon is just and true, it is due, and all just credits and offsets have been allowed.

49. A-1, by contracting with Carboline for industrial coating products, agreed to pay Carboline the prices on Carboline's unpaid invoices. All conditions precedent to payment of the invoices occurred and were fulfilled. By ordering the coating products and accepting them, A-1 became bound and obligated to pay Carboline's invoices, which represent the reasonable value and usual customary price charged for such products. The amount now due thereon is past due and owing and A-1 has failed and refused to pay the same, all to Carboline's damage.

**Quantum Meruit and Unjust Enrichment**

50. Carboline incorporates Paragraphs 1-40 as if set forth fully herein.

51. Carboline pleads for recovery under the doctrine of *quantum meruit*. Carboline provided A-1 with valuable coating products at A-1's request. The coating products were accepted and had reasonable value. A-1 failed and refused to pay the reasonable value of the products despite Carboline's demands. The products accepted by A-1, less just credits and offsets, are valued at $244,069.61.

52. Carboline also pleads, alternatively and without waiving the foregoing, for recovery under the doctrine of unjust enrichment. A-1 was enriched by receipt of the benefit of Carboline's coating products. That enrichment, in the amount of at least $244,069.61, was at Carboline's expense. Permitting A-1 to retain that benefit and enrichment would be inequitable and unjust.

## V.
## JURY DEMAND

53. Carboline hereby demands a jury trial.

## VI.
## PRAYER

54. WHEREFORE, Plaintiff Carboline Company respectfully asks for judgment against Defendant A-1 Industrial Maintenance, Inc. for the following:

a. Actual damages in the amount of at least $244,069.61;

b. Prejudgment interest;

c. Postjudgment interest;

d. Costs of court; and

e. All other relief, whether in law or equity, to which Carboline is justly entitled.

Respectfully submitted,

By: */s/ James D. Bass*
James D. Bass, # 32913MO
STINSON LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
Tel: (314) 719-3044
Fax: (314) 259-3902
james.bass@stinson.com

*Application for Admission under L.R. 83.20, forthcoming:*

GERMER BEAMAN & BROWN PLLC
Gregg R. Brown
Texas Bar No. 03129010
grb-svc@germer-austin.com
James B. Hicks
Texas Bar No. 24094720
jhicks@germer-austin.com
301 Congress Avenue, Suite 1700
Austin, Texas 78701
Tel: (512) 472-0288
Fax: (512) 472-9260 Facsimile

**ATTORNEYS FOR PLAINTIFF CARBOLINE COMPANY**

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| CARBOLINE COMPANY<br>*Plaintiff*<br>v.<br>A-1 INDUSTRIAL MAINTENANCE, INC.<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Nomiki P. Tsarnas, Registered Agent for A-1 Industrial Maintenance, Inc.
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 06/19/2019

/s/ James D. Bass
*Signature of the attorney or unrepresented party*

James D. Bass
*Printed name*

Stinson LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
*Address*

james.bass@stinson.com
*E-mail address*

314-719-3044
*Telephone number*

Print Save As... Reset

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

CARBOLINE COMPANY
*Plaintiff*
v.
A-1 INDUSTRIAL MAINTENANCE, INC.
*Defendant*

) ) ) Civil Action No. ) )

**WAIVER OF THE SERVICE OF SUMMONS**

To: James D. Bass
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 06/19/2019, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 06/19/2019

/s/ James D. Bass
*Signature of the attorney or unrepresented party*

A-1 Industrial Maintenance, Inc.
*Printed name of party waiving service of summons*

James D. Bass
*Printed name*

Stinson LLP
7700 Fosyth Blvd., Suite 1100
St. Louis, MO 63105
*Address*

james.bass@stinson.com
*E-mail address*

(314) 719-3044
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.