**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CARBOLINE COMPANY, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) Case No:4:19-cv-01721-CDP |
| v. | ) |
| | ) |
| A-1 INDUSTRIAL MAINTENANCE, INC., | ) |
| | ) |
|     Defendant/Counter-Plaintiff. | ) |

**JOINT PROPOSED SCHEDULING PLAN**

The parties hereby propose the following scheduling plan:

1.    The standard Track 2 assignment is appropriate.

2.    Additional parties will be joined and any pleadings will be amended on or before December 9, 2019.

3.    Discovery shall proceed in the following manner:

(a)    All parties will disclose information pursuant to Rule 26(a)(1), Fed.R.Civ.P., on or before November 18, 2019.

(b)    Discovery need not be limited or conducted in phases.

(c)    Any party asserting claims for affirmative relief shall disclose the identities of expert witnesses and provide reports with respect to such affirmative claims as required by Rule 26(a)(2), Fed.R.Civ.P., on or before April 17, 2020, and such experts shall be made available for deposition on or before May 15, 2020.  The parties shall disclose the identities and provide reports of rebuttal expert witnesses on or before June 5, 2020, and such experts shall be made available for deposition on or before July 3, 2020.

(d)    The presumptive limits as to depositions and interrogatories should apply.

  (e) No physical or mental examinations of parties will be requested.

  (f) All discovery shall be completed on or before July 31, 2020.

  (g) The parties shall provide electronically stored information ("ESI"), including all emails, in an electronic format in a form or forms that are reasonably usable, in accordance with a proposed Protective Order and Protocol which the parties are preparing and will submit to the Court for approval.

  (h) The parties agree that, regardless of the reasonableness of the measures in place to prevent such disclosures, the inadvertent production of privileged documents or information shall not waive the attorney-client, work product or other applicable privilege. Should any party not intending to make a disclosure inadvertently produce information or material subject to a claim of privilege, the producing party shall so notify in writing within a reasonable time after discovering the inadvertent production, and the receiving party shall promptly return or destroy the specified information and all copies. If a party produces privileged information or materials that the recipient believes or has reason to believe were produced inadvertently, the recipient immediately shall either return such privileged material to the producing party or notify the producing party of the apparent inadvertent production. In any such event, the party claiming privilege must thereafter, at the request of the non-producing party, furnish information supporting its claim of privilege and must preserve the document.  This provision (h) also applies to any production of trade secret or other confidential research, development, or commercial information that the producing party inadvertently failed to designate appropriately under the proposed Protective Order and Protocol to be entered in this case, which will include provisions consistent with Rule 26 (c) (1) (G), Fed. R. Civ. P.

The parties agree that communications with their respective counsel are presumptively covered by the attorney-client and work product privileges without the necessity of listing such communications on a privilege log. Similarly, work performed by counsel, including, but not limited to, research and memoranda, is presumptively covered by the work product privilege without the necessity of listing written materials reflecting such work on a privilege log.

      (i)      There are no other matters pertinent to discovery in this case.

4. The parties further agree that the case should be referred to mediation, and that said referral should begin on September 15, 2020.

5. Any motions to dismiss or motions for summary judgment shall be filed no later than August 7, 2020. Opposition briefs shall be filed no later than August 21, 2020, and any reply briefs shall be filed no later than August 30, 2020.

6. The earliest date that this case should reasonably be expected to be ready for trial is November 16, 2020.

7. The parties estimate that this case will require seven to eight (7-8) trial days to try.

8. There are no other matters deemed appropriate for inclusion in the Joint Scheduling Plan.

| | |
|---|---|
| By: */s/ James B. Hicks*<br>   Gregg R. Brown, #03129010 (Pro Hac Vice)<br>   grb-svc@germer-austin.com<br>   James B. Hicks, #24094720 (Pro Hac Vice)<br>   jhicks@germer-austin.com<br>   GERMER BEAMAN & BROWN PLLC<br>   301 Congress Avenue, Suite 1700<br>   Austin, Texas 78701<br>   (512) 472-0288 – Telephone<br>   (512) 472-9260 – Facsimile<br><br>   James D. Bass, #32913MO<br>   james.bass@stinson.com<br>   STINSON LLP<br>   7700 Forsyth Blvd., Suite 1100<br>   St. Louis, MO 63105<br>   (314) 719-3044 – Telephone<br>   (314) 259-3902 – Facsimile<br><br>*Attorneys for Plaintiff/Counterclaim Defendant Carboline Company* | By: */s/ Kurtis B. Reeg by permission*<br>Kurtis B. Reeg #27684<br>kreeg@reeglawfirm.com<br>REEG LAWYERS, LLC<br>939 N. Clay Avenue<br>Kirkwood, Missouri 63122<br>(314) 574-2287 – Telephone<br>(314) 698-2450 – Facsimile<br><br>*Attorneys for Defendant and Counterclaim Plaintiff A-1 Industrial Maintenance, Inc.* |

4

## **CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that a true and correct copy of this document was served on all counsel of record in this case by CM/ECF on this the 10th day of October, 2019.

By: */s/ James B. Hicks*