UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARBOLINE COMPANY, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 4:19 CV 1721 CDP |
| ) | |
| A-1 INDUSTRIAL MAINTENANCE, ) | |
| INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## MEMORANDUM AND ORDER

Plaintiff Carboline Company provided industrial coating material to defendant A-1 Industrial Maintenance, Inc., for use on a Pennsylvania Department of Transportation bridge rehabilitation project in Philadelphia. Carboline made several shipments of the material to A-1 from August 2016 to August 2017, but A-1 never paid on the invoices. In this breach of contract action, Carboline claims that A-1 continues to owe more than $240,000 on its invoices. A-1 filed a counterclaim, asserting that the material supplied by Carboline was noncompliant and noncertified, which thereby caused delay and additional construction costs on the project, resulting in more than one million dollars in damages to A-1.

Carboline now moves to compel A-1 to produce documents relevant to A-1's claim that its damages were caused by Carboline's alleged failure to provide compliant product and not by other factors and, further, whether the damages A-1

seeks in its counterclaim are indeed damages or rather were merely construction costs for which it has already been paid by the general contractor. In response, A-1 argues that 1) it provided the requested documents, 2) Carboline's requests are overly broad, and 3) Carboline failed to meet and confer in good faith to resolve the motion. Upon review of the motion and the parties' respective positions, I will order counsel for the parties to meet and confer again to attempt to resolve this dispute and to thereafter jointly report to the Court what, if anything, remains for Court action.

In the meanwhile, I make the following observations to assist counsel in their obligation to make sincere efforts[1] to resolve this discovery dispute:

Carboline sent its document request to A-1 on December 27, 2019. A-1 responded on February 12, 2020, producing some documents (or referring Carboline to its Rule 26 initial disclosures) but objecting to most of Carboline's requests. A-1 provided a supplemental response to Carboline on May 5 but did not include any documents. After Carboline filed this motion to compel on May 20, A-1 provided additional documents on May 22. Carboline avers, however, that this supplemental production continues to be insufficient.

The document requests that remain at issue are Carboline's Request Nos. 3, 5, 9, 11, 12, 25, and 30; Carboline has agreed to partially limit the scope of

---

[1] E.D. Mo. L.R. 3.04(A).

Request No. 3.  In its February 2020 response to these requests, A-1 first asserted nearly three pages of "general objections," averring that they applied to each document request response.  (Carboline Exh. B, ECF 34-2.)  Then, as to the specific requests at issue in this motion, A-1 lodged the following objections:

- Request Nos. 3 and 5:  "Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to admissible evidence.  Defendant further objects that this demand is not reasonably limited in scope and time."
- Request No. 9:  "Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to admissible evidence."
- Request No. 11:  "*See* response to paragraphs 3, 4, 5, 9 above."
- Request No. 12:  "*See* response to paragraph 11 above."
- Request No. 25:  "Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to admissible evidence."
- Request No. 30:  "Defendant objects to this request as overly broad and not reasonably limited in scope and time or project.  Defendant further objects that this request is unduly burdensome and not likely to lead to admissible evidence."

(*Id.*)  A-1's supplemental response on May 5 incorporated these objections, reported that some production was delayed by the Covid-19 pandemic, and stated that it had already produced documents relevant to its damages caused by Carboline's provision of non-compliant product.  (Carboline Exh. D, ECF 34-5.)  In its written response to Carboline's motion to compel, A-1 reasserts its stated objections to the document requests but also refers to former Federal Rule of Civil Procedure 26(b)(1) to assert that the information sought by Carboline is not relevant and is not "reasonably calculated to lead to the discovery of admissible

evidence," thus rendering its discovery improper.  (*See* A-1 Resp., ECF 38 at p. 5 (quoting Fed. R. Civ. P. 26(b)(1) (2014))).

A-1's objections to Carboline's discovery requests are improper and fail to comply with the Federal Rules of Civil Procedure as amended in 2015.  Rule 26(b)(1) no longer restricts discovery to only that which appears reasonably calculated to the discovery of admissible evidence.  And Rule 34(b)(2)(B) as amended explicitly requires a party to "state with specificity the grounds for objecting to the request, including the reasons."  Rule 34(b)(2)(C) further requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."  As the Advisory Note makes clear, if objected to as overbroad, the response must identify any scope of the request that is not overbroad.  A-1's boilerplate objections to Carboline's requests – whether monikered as "general" objections or in response to the specific requests – wholly fail to comply with these rules.[2]  As this Court recently stated:  "It is time, nearly four years after the effective date of the amendments to the discovery rules, for counsel to properly take note of the amendments and conduct themselves in accordance with the amendments.  Boilerplate objections or responses that do not

---

[2] By signing a discovery response or objection, counsel certifies, in part, that to the best of counsel's "knowledge, information, and belief formed after a reasonable inquiry," the response or objection is "consistent with these rules[.]"  Fed. R. Civ. P. 26(g)(1)(B)(i).  An improper certification without justification is sanctionable.  Fed. R. Civ. P. 26(g)(3).

identify whether documents have been withheld pursuant to the objections are no longer proper." *LADS Network Sols., Inc. v. Agilis Sys., LLC*, No. 4:19CV11 SEP (E.D. Mo. Nov. 4, 2019) (Fleissig, J.) (ECF 56, memo & order, at pp. 7-8). *See also Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168 (N.D. Iowa 2017).

In its written response to the motion to compel, A-1 does little to remedy its improper objections to Carboline's requests. A-1 continues in its general objections and fails to identify any specific request to which it has a specific objection. And its assertion of undue burden does not adequately describe the specific burden(s) it faces in producing the requested documents. *See Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."). "A party claiming undue burden . . . ordinarily has far better information – perhaps the only information – with respect to that part of the determination." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. Further, by arguing that it has already produced relevant documents showing that Carboline's non-approved product was the only cause of the delay, A-1 appears to contend that the merits of its case render Carboline's requests irrelevant. But "Rule 26(b)(1) does not give any party 'the unilateral ability to

dictate the scope of discovery based on their own view of the parties' respective theories of the case,' because '[l]itgation in general and discovery in particular . . . are not one sided.'" *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 183 (N.D. Iowa 2017) (quoting *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014)). *See also A.O.A. v. Rennert*, No. 4:11 CV 44 CDP, 2017 WL 5478409, at *4 (E.D. Mo. Nov. 15, 2017) (whether a party's information is sufficient to prove its theory of the case is not a determination to be made on a motion to compel). Accordingly, during the discovery process, I am guided by Rule 26(b)(1) and not by whether any party will prevail on their claims or defenses in this action. *Id.*, at *4.

I find that Carboline's document requests seek information relevant to the claims and defenses in this litigation and that A-1's responses and objections are improper under the federal rules. However, because it appears that there has been insufficient opportunity for counsel to confer in person or by telephone in good faith to attempt to resolve this discovery dispute, I will give counsel that opportunity before ruling Carboline's motion. I am encouraged by counsel's representations, on both sides, that they have worked amicably and cooperatively thus far in this litigation. Perhaps, by being given another opportunity to personally address this discovery dispute, the cooperativeness of counsel will serve to resolve it.

Accordingly,

**IT IS HEREBY ORDERED** that not later than **July 10, 2020**, counsel shall meet and confer directly with each other in person or by telephone for the purpose of attempting in good faith to resolve the issues raised in Carboline's motion to compel.

**IT IS FURTHER ORDERED** that not later than **July 15, 2020**, counsel shall file a joint memorandum with the Court regarding whether and to what extent a dispute remains on the outstanding document requests identified in Carboline's motion to compel. If a dispute remains, the joint memorandum shall: 1) identify by number each Request that remains in dispute; 2) state with specificity A-1's grounds for objecting to that Request, including its reasons; and 3) as to each objection, state whether A-1 is withholding any responsive materials on the basis of that objection. If A-1 objects that a Request is overbroad, it shall identify any scope of the Request that is not overbroad.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2020.